IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANNE LAPKIN,** Individually and as Personal Representative of the Estate of **AMIR TIROSH**, deceased; **ALON TIROSH,** Individually; **AYAL TIROSH**, Individually; and **ARIEL TIROSH,** Individually,<br><br>Plaintiffs,<br><br>v.<br><br>**AVCO CORPORATION, on behalf of its LYCOMING ENGINES division, KS GLEITLAGER USA, INC. f/k/a KS BEARINGS, INC., KOLBENSCHMIDT PIERBURG AG, KS KOLBENSCHMIDT f/k/a KOLBENSCHMIDT AG, and SUPERIOR AIR PARTS, INC.**,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. **3:11-CV-3424-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion to Remand, filed January 9, 2012. After careful consideration of the motion, response, reply, record, and applicable law, the court **grants** Plaintiffs' Motion to Remand.

### I.    Background

Anne Lapkin ("Lapkin"), Individually and as Personal Representative of the Estate of Amir Tirosh; Alon Tirosh, Individually; Ayal Tirosh, Individually; and Ariel Tirosh, Individually, (collectively "Plaintiffs") filed this action in County Court at Law Number Five, Dallas County, Texas, against AVCO Corporation, on behalf of its Lycoming Engines division; KS Gleitlager USA, Inc. f/k/a KS Bearings, Inc.; Kolbenschmidt Pierburg AG; KS Kolbenschmidt f/k/a Kolbenschmidt

**Memorandum Opinion and Order - Page 1**

AG; and Superior Air Parts, Inc. ("Superior") (collectively, "Defendants"). This action arises from

an aircraft crash on November 22, 2009. Amir Tirosh was piloting the aircraft and was fatally

injured in the crash. Plaintiffs brought claims for wrongful death and survival damages against

Defendants based on strict liability, negligence, and breach of express and implied warranty.

On December 9, 2011, Defendant AVCO Corporation ("AVCO") removed this action from

County Court at Law Number Five, Dallas County, Texas, to federal court, pursuant to 28 U.S.C.

§ 1332(a)(1), contending that diversity of citizenship exists between the parties and that the amount

in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs oppose the removal and

filed a motion to remand. They contend that the court does not have subject matter jurisdiction

because there is not complete diversity of citizenship between Plaintiffs and Defendants, as Lapkin,

and Superior are both citizens of Texas. AVCO counters that there is complete diversity because

the representative of the decedent is deemed to be a citizen of the same state as the deceased.

Therefore, according to AVCO, the court may not consider that Lapkin is a Texas citizen but instead

must consider her to be a citizen of New York, the citizenship of decedent Amir Tirosh, and must

find that complete diversity of citizenship exists between the parties.

## II.      Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the

Constitution, laws, or treaties of the United States," or over civil cases in which the amount in

controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship

exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited

jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home*

*Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction

conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).  A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988).  Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant.  *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004).

## III.    Discussion

The parties do not disagree as to the citizenship of any of the parties.  Lapkin, the widow of Amir Tirosh, is a citizen of Texas; Alon Tirosh and Ariel Tirosh are citizens of New York; Ayal Tirosh is a citizen of Connecticut; Superior is a citizen of Texas; AVCO is a citizen of Delaware; KS Gleitlager USA, Inc. f/k/a KS Bearings, Inc. is a citizen of Germany incorporated in Delaware; Kolbenschmidt Pierburg AG is a citizen of Germany; and KS Kolbenschmidt f/k/a Kolbenschmidt AG is a citizen of Germany.  AVCO contends that Lapkin's Texas citizenship is irrelevant because of the language in the pertinent statute.  For diversity purposes, the statute provides: "[T]he legal

representative of the estate of a decedent shall be deemed to be a citizen only of the same State as

the decedent." 28 U.S.C. § 1332(c)(2).  The parties agree that Amir Tirosh, the decedent, was a

citizen of New York at the time of his death.  The ultimate question that the court has to decide is

whether New York or Texas controls the citizenship of Lapkin.  The court disagrees with the

position asserted by AVCO.

By its plain terms, section 1332(c)(2) applies to those cases in which a person is bringing an

action as the legal representative of the estate of the decedent.  It is only logical that when one acts

on behalf of the estate, his or her citizenship should be deemed to be the same as that of the state of

the decedent.  Such person is standing in the shoes of the decedent, and when a person sues only in

his or her capacity as the representative of the decedent's estate, the representative is deemed to be

a citizen of the state of the decedent.  On the other hand, when a person sues *individually* and as the

legal representative of the decedent's estate, the court must examine the citizenship of the individual

and that of the decedent to determine whether diversity exists.  *See Acridge v. Evangelical Lutheran*

*Good Samaritan Soc'y*, 334 F. 3d 444, 447-48 n.2 (5th Cir. 2003); *Rodriguez v. Noble & Pitts, Inc.*,

C.A. No. C-06-90, 2006 WL 100651, at *1 n.2 (S.D. Tex. April 13, 2006); *Winn v. Panola-Harrison*

*Elec. Coop., Inc.*, 966 F. Supp. 481, 483 (E.D. Tex. 1997).  Lapkin sued *individually* and as the

personal representative of Amir Tirosh's estate.  She and Superior are citizens of Texas, and

complete diversity is lacking; therefore, subject matter jurisdiction does not exist.

## IV.    Miscellany

### A.    Service

The court notes that both Plaintiffs and AVCO discuss service.  Whether service has

occurred is quite beside the point to determine diversity.  "[T]he existence of diversity is determined

from the fact of citizenship of the parties named and not from the fact of service." *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) (citations omitted).  In other words, the citizenship of all parties named, served or unserved, must be considered to determine diversity.  *Id.*

### B.      Objection to Plaintiffs' Late Reply

AVCO objects to the late filing of the reply to its response by Plaintiffs and asks the court not to consider the reply.  The reply was four days late under this district's Local Rules; it should have been filed on February 10, 2012, but was not filed until February 14, 2012.  The court **overrules** the objection, as it declines to exalt form over substance.  Moreover, the court would have reached the same conclusion without the reply.  Thus, AVCO has not established any legal prejudice because of the late filing.  As the parties are probably aware, the court conducted its independent research and cited only one case relied on by them.

### V.      Conclusion

For the reasons herein stated, complete diversity does not exist between Plaintiffs and Defendants.  Therefore, the court **lacks** subject matter jurisdiction, **grants** Plaintiffs' Motion to Remand, and **remands** this action to County Court at Law Number Five, pursuant to 28 U.S.C. § 1441(c).  The clerk of court shall effect the remand in accordance with the usual procedure.  The court **denies as moot** any pending motions.

**It is so ordered** this 31st day of May, 2012.

Sam A. Lindsay
United States District Judge